RIVERSIDE TRUST COMPANY, complainant-appellant,

*v.*

SAMUEL W. COLLIN et ux., et al., defendants-respondents.

[Submitted May 26th, 1933.   Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Davis, who filed the following opinion:

"On January 26th, 1927, defendant Samuel W. Collin, borrowed from complainant $25,000 and gave his promissory note for that amount payable on demand, which note was signed and endorsed by him only.  The money was borrowed for the purpose of paying part of the consideration of a farm then owned by Harry A. Sperber and Etta G. Sperber, his wife, in Delanco township, Burlington county, New Jersey, which Dr. Collin was purchasing for $60,000.

"The settlement for this farm was made and the deed executed by the Sperbers to Samuel W. Collin and Beatrice F. Collin, his wife. Of the consideration, the sum of $21,000 had been advanced to defendant Dr. Collin, by his wife, Beatrice F. Collin, to be invested in this farm. Her testimony and other evidence convinces me that this sum was advanced by Mrs. Collin prior to this conveyance in various amounts from time to time, aggregating $21,000. In addition to the money advanced by Mrs. Collin, $25,000 of the consideration came from the loan by complainant to Dr. Collin, and the balance of $14,000 came from moneys which he had at that time.

"The note of $25,000 was held by complainant without renewal and so far as the evidence discloses, without any demand for payment until five years later, in either January or February of 1932, at which time George J. Pitman, president of the complainant, sent for the defendant Dr. Collin and requested that he give a mortgage on the farm which had been purchased from Sperber. He requested that Dr. Collin bring his deed to him so that this mortgage could be drawn. Mr. Pitman testified that when the deed was presented to him by Dr. Collin, he (Pitman) discovered that the deed was in the joint names of Dr. Collin and his wife. He further testified that he expressed surprise at this and told Dr. Collin that it did not agree with his former statements to the bank either in writing or made in taking the matter over, and further that 'I told him I hoped he realized he had put himself in a bad position because he had made false statements to the bank, which are of criminal nature, and that we must insist immediately upon being protected.' The witness, Pitman, so far as the testimony was concerned, made no effort to have a mortgage drawn, and did not request Dr. Collin to execute one after discovering that the title was in the name of both him and his wife. He testified that Mrs. Collin told him that if she had known that Dr. Collin wanted a mortgage signed she would have been willing to sign it.

"Shortly after the conversation between Mr. Pitman and Dr. Collin, Dr. Collin disappeared and has not been heard from since. No reason was advanced for his disappearance but it is apparent that the intimation of Mr. Pitman about the criminal nature of Dr. Collin's acts is probably the cause.

"There is nothing in the evidence which leads me to believe other than that Dr. Collin was a man of good standing and excellent reputation, and apparently enjoyed the respect and confidence of the people in the community in which he lived.

"The complainant obtained a judgment against the defendant Dr. Collins on June 20th, 1932, for $20,378 and $532.13 costs based upon the note in question. On the same day complainant filed its bill of complaint against the defendants Samuel W. Collin and Beatrice F. Collin, and two judgment creditors, seeking to have it determined that the deed from the Sperbers to the Collins for the Delanco farm was a transaction in fraud of creditors and seeking to have it decreed that the defendant Beatrice F. Collin holds title to the said farm for the benefit of her husband, Dr. Samuel W. Collin, and that it be decreed to be subject to the lien of complainant's judgment.

"The defendant Frank F. Collin, a judgment creditor, filed a counter-claim in which he seeks the same relief as complainant.

"At the time of the making of the loan by complainant to defendant in January, 1926, Dr. Collin had some conversation with Mr. Pitman, president of the complainant, in which he told Mr. Pitman that he was purchasing the Sperber farm and needed a loan to help complete the payment, but there was no conversation in which Mrs. Collins was mentioned. Pitman testifies that the loan was made for the purpose of paying part of the consideration for that farm. After the complainant had agreed to make the loan Mr. Pitman was present at the settlement for the farm made with the Sperbers and delivered at the settlement a certified check for $50,000 which included the loan of $25,000 made by the complainant. No request was made at that time by complainant to defend-

ants Dr. and Mrs. Collin for a mortgage on this farm to secure the loan.

"There was no effort on the part of the defendants Dr. Collin and his wife to conceal from Mr. Pitman or anyone else the fact surrounding this transaction, and Mr. Pitman could have readily ascertained in whose name the title to the farm was taken. No testimony has been offered in the case to raise any question about the solvency of Dr. Collin at the time of this transaction.

"The complainant seeks to have the premises in question declared to be the sole property of Dr. Collin upon the ground that there was actual fraud by him in obtaining the loan from complainant, and relies largely upon the conversation which took place between Mr. Pitman and Dr. Collin at the time this loan was negotiated.

"In order to find Dr. Collin guilty of a fraud upon complainant I must find that at the time of this loan he intended to deceive the complainant or that the nature of the transaction was such as to have that effect. I cannot reach the conclusion from a consideration of this testimony and the other circumstances surrounding the transaction that Dr. Collin made any fraudulent representations to the complainant through its president, Mr. Pitman, which induced the complainant to make the loan. I must conclude that this loan was made by complainant to defendant Dr. Collin in reliance upon his financial responsibility at that time. There is no dispute but that the loan was made for the purpose of paying part of the consideration of the farm but that fact does not convince me that the making of the deed to Dr. Collin and his wife was intended to defraud complainant or any of his creditors. I believe that the complainant was not deceived but thoroughly understood the transaction. If the complainant had intended that this farm should stand as security for this loan then it should have secured a mortgage upon the farm at that time which could readily have been done. It permitted the note to run for over five years after this transaction with the complainant and it was apparently satisfied with Dr. Collin's responsibility.

"It is well understood that fraud in a case of this kind includes all acts, omissions and concealments which involve a breach of legal or equitable duty, truth or confidence justly reposed and injurious to another, or by which an undue or unconscientious advantage is taken of another. *Howard* v. *West Jersey and Seashore Railroad Co., 102 N. J. Eq. 517.*

"From the evidence produced in this case and the circumstances surrounding the whole transaction, I conclude that there was no fraud in this transaction on the part of Dr. Collin which would entitle the complainant or counterclaimant to have the relief sought. There is absolutely no proof of any fraudulent conduct on the part of the defendant Beatrice F. Collin in connection with this transaction. I must conclude that she is absolutely innocent of any fraud and was surprised at the turn of events resulting in the disappearance of her husband.

"As the case appears to me it is one in which the complainant made this loan without thought of any other security except the reliance upon the undoubted solvency of the defendant Dr. Collin. It would seem most unusual to me that the complainant could have been deceived. If the title to this farm had been taken in the name of Dr. Collin it would have carried out to the very letter what complainant now seeks to say was the arrangement at the time of the making of this loan, yet complainant could not have been assured that the title would remain in him because he could have mortgaged or conveyed it afterwards without the suspicion of fraud being practiced upon the complainant because there was nothing revealed in the conversation betwen Dr. Collin and Mr. Pitman by which Dr. Collin agreed that he should continue to hold this farm in his own name. In my opinion this was purely a banking transaction and in a sense it is some evidence of how readily loans were made by banks at the time of this transaction, almost for the asking. I would be manifestly inequitable at this time to disturb this conveyance.

"I will advise a decree dismissing both the bill and the counter-claim."

*Mr. Joseph Beck Tyler,* for the appellant.

*Messrs. Waddington & Matthews,* for the respondent Beatrice F. Collin.

*Messrs. Bleakly, Stockwell & Burling,* for the respondent Frank G. Collin.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion delivered by Vice-Chancellor Davis in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   14.

*For reversal*—None.